UNITED STATES DISTRICT COURT **JUDGE ROBINSON**
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
:
MICHAEL A. OLSON,                                            :  **08 CIV 6628**
:
           Plaintiff,                         :  Civil Action No.:
:
   v.                                                      :  **DEFENDANT INDIAN
   HARBOR INSURANCE
:  COMPANY NOTICE OF
INDIAN HARBOR INSURANCE COMPANY,                              :  REMOVAL**
:
           Defendant.                         :
:
------------------------------------------------------------ x

     Defendant INDIAN HARBOR INSURANCE COMPANY ("Indian Harbor"), through counsel, pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, respectfully petitions this Court for the removal of this action to the United States District Court for the Southern District of New York. In support of this petition, Indian Harbor respectfully states the following:

     1.     This case is presently pending in New York Supreme Court, County of Westchester, under Index No. 14048/08. The territory assigned to the United States District Court for the Southern District of New York under 28 U.S.C. § 112 embraces Westchester County.

     2.     A copy of the Summons and Complaint was filed in this matter on or about June 24, 2008. A copy of the Summons and Complaint is annexed hereto and made a part hereof as Exhibit "A."[1]

     3.     The Summons and Complaint was served on Indian Harbor's agent for service of process on or about June 27, 2008.



---

[1] All references to the Cpmplaint will be made as (Complt. ¶ __.)

347446 v 1
3305722.1

4. The Complaint alleges that Plaintiff MICHAEL A. OLSON ("Plaintiff") has suffered damages during his employment, on February 6, 2003, as a result of the negligence of M&M Developers, Inc. ("M&M"). (Complt. ¶ 9.)

5. The Complaint further alleges that M&M failed to appear and/or answer Olson's underlying claim, which resulted in a default judgment and an award of $1,597,627.88 in damages. (Complt. ¶¶ 11-12, 21-22.)

6. The Complaint also alleges that M&M had an insurance policy issued by Indian Harbor and, as result, alleges that Indian Harbor is responsible for damages alleged in Plaintiff's Complaint. (Complt. ¶ 29.)

7. Removal of the action bearing Index No. 14048/08 from the Supreme Court of the State of New York, County of Westchester, to this Honorable Court is appropriate because this Court has original jurisdiction of the claims set forth in the Complaint pursuant to 28 U.S.C. § 1441(a).

8. This Court has original diversity jurisdiction over the instant action pursuant to 28 U.S.C. § 1332 as it involves a suit between citizens of different states where the matter in controversy exceeds $75,000.00.

 a. As alleged in the Complaint, Plaintiff is a resident of Westchester, New York.

 b. Pursuant to 28 U.S.C. § 1332(c)(1), Indian Harbor is and, at all relevant times, has been a corporation incorporated under the laws of the State of North Dakota with its principal place of business in Stamford, Connecticut.

 c. The amount in controversy in this action exceeds 28 U.S.C. § 1332's $75,000.00 jurisdictional limit based on the Complaint's demand for judgment for more than $1.5 million. (Complt. ¶ 22.)

9.  The 30-day period within which defendants may petition this court for removal under 28 U.S.C. § 1446(b) has not yet expired. Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

10. Indian Harbor has not previously sought to remove this action.

WHEREFORE, Indian Harbor respectfully requests that this case be removed to this Court, together with such other and further relief as the Court may deem just and proper in the premises.

Dated:  New York, New York
        July 25, 2008

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

_____
Glenn J. Fuerth (5848 GJF)
Attorneys for Defendant
INDIAN HARBOR INSURANCE COMPANY
150 East 42nd Street
New York, New York 10017
212-490-3000 (p)
212-490-3038 (f)

TO:
KELNER and KELNER
Attn: Ronald C. Burke, Esq.
Attorneys for Plaintiff
140 Broadway, 37th Floor
New York, NY 10005
(212) 425-0700

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------X
MICHAEL A. OLSON,

                      Plaintiff

        -against-

INDIAN HARBOR INSURANCE COMPANY,

                    Defendant.
------------------------------------------------------------X

Index No. 14048/08
Date Filed: 6/24/08

**SUMMONS**
Plaintiff designates
**Westchester County**
as the place of trial
the Place of Trial

The basis of venue is
Plaintiff's Residence
Plaintiff resides at
73 Sarles Lane
Pleasantville, NY
County of
Westchester

*RECEIVED JUN 24 2008 TIMOTHY C. IDONI COUNTY CLERK COUNTY OF WESTCHESTER*

6-25-08 p.1

To the above-named Defendant:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       June 23, 2008

                                    KELNER AND KELNER, ESQS.
                                    BY: /s/ Ronald C. Burke
                                    RONALD C. BURKE, ESQ.
                                    Attorneys for Plaintiff
                                    **MICHAEL A. OLSON**
                                    140 Broadway, 37th Floor
                                    New York, NY 10005
                                    (212) 425-0700

**Defendant's Address:**
Seaview House, 70 Seaview Avenue, Stamford, CT 06902

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------X
MICHAEL A. OLSON,

                    Plaintiff,        Index No.: 14048/08
                                         Date Purchased: 6/24/08

    -against-                 JUN 24 2008   **VERIFIED**
                              TIMOTHY C. IDONI  **COMPLAINT**
INDIAN HARBOR INSURANCE COMPANY, COUNTY CLERK
                                COUNTY OF WESTCHESTER

                  Defendant.
------------------------------------------------------------X

      Plaintiff, **MICHAEL OLSON**, complaining of the defendants by his attorneys **KELNER & KELNER, ESQS.**, alleges at all times hereinafter mentioned the following upon information and belief:

    1.   The plaintiff is a resident of Westchester County, New York.

    2.   The defendant Indian Harbor Insurance Company (hereinafter "IHIC") is and was at all relevant times set forth herein, a corporation duly licensed and organized under the laws of the State of North Dakota.

    3.   IHIC is and was at all relevant times set forth herein, duly licensed to sell insurance policies in the State of New York and did sell insurance policies in the State of New York

    4.   IHIC , at all relevant times set forth herein, maintains its principal place of business at Seaview House, 70 Seaview Avenue, Stamford, CT 06902.

    5.   IHIC, at all relevant times set forth herein, regularly transacts business and contracts to supply goods and services in the State of New York.

    6.   IHIC, at all relevant times set forth herein, regularly does or solicits business, and/or engages in a persistent course of conduct in the State of New York.

    7.   IHIC entered into a contract with and sold a commercial general liability insurance

policy to a New York business corporation called M & M Developers, Inc (hereinafter "M & M") in the State of New York, for coverage from October 30, 2002 to October 30, 2003 bearing policy No. AIL088000745 (hereinafter referred to as "the policy").

8. A fair and accurate copy of the aforementioned Declarations page of the policy is annexed hereto as Ex. "A".

9. On February 6, 2003, the plaintiff, Michael Olson was injured while engaged in his employment at a construction site at 161 Foggintown Road, Brewster, New York due to the negligence of M & M and it's alleged violation of the Labor Laws of the State of New York, the implementing regulations thereto and the provisions of the Occupational Safety & Health Administration.

10. Annexed hereto as Ex. "B" is a fair and accurate copy of a Summons and Verified Complaint (hereinafter referred to as "the Olson personal injury action") that was filed on behalf of plaintiff against M & M on January 24, 2006 in the Supreme Court of Westchester County (where plaintiff still resides) and served upon M & M thru the New York Secretary of State and at the last known address of M & M.

11. M & M failed to appear and/or answer in the Olson personal injury action.

12. Annexed hereto as Ex. "C" is a fair and accurate copy of an Order of the Hon. Mary H. Smith, dated September 21, 2006 which entered a default judgment on liability by plaintiff, Michael Olson against M & M and scheduled the matter for an inquest on damages.

13. Annexed hereto as Ex. "D" is a fair and accurate copy of a letter sent by certified mail return receipt requested, dated January 30, 2007 from plaintiff's counsel, Richard S. Vecchio to IHIC wherein it was: informed of the Olson personal injury action against its insured; requested to provide indemnification for M & M ; and, was provided a copy of the documents

referred to in the letter.

14. IHIC received the letter from Richard S. Vecchio referred to paragraph "13".

15. IHIC received the letter from Richard S. Vecchio referred to in paragraph "13" no later than February 5, 2007.

16. Annexed hereto as Ex "E" are fair and accurate copies of letters dated May 10, 2007, May 18, 2007 and May 30, 2007 from Richard S. Vecchio to IHIC, sent by certified mail return receipt requested, requesting a response from IHIC and enclosing a copy of his original notice of the Olson personal injury action.

17. IHIC received the letters from Richard S. Vecchio referred to in paragraph "16".

18. IHIC disclaimed coverage to M & M in a letter dated, June 28, 2007 a fair and accurate copy of which is annexed hereto as Ex. "F".

19. IHIC disclaimed coverage to M & M approximately five (5) months after receipt of Ex. "D" and declined to defend its insured.

20. IHIC disclaimed coverage on the exclusive grounds that M & M "did not timely report the occurrence, claim and suit to us."

21. On July 9, 2007 Judicial Hearing Officer John Carey signed a Decision and Order, a fair and accurate copy of which is annexed hereto as Ex. "G", awarding plaintiff money damages against M & M and instructed plaintiff to settle judgment on notice.

22. In a Judgment dated February 4, 2008, a fair and accurate copy of which is annexed hereto as "H", the Hon. Mary H. Smith Ordered that judgment be entered on behalf of plaintiff against M & M in the amount of $1,597,627.88.

23. To date no sum of money has been paid to the plaintiff in satisfaction of said judgment which remains outstanding.

24. The defendant IHIC may not disclaim liability since it failed to give M & M and plaintiff timely notice of the disclaimer as soon as it was reasonably possible after it first learned of the accident or grounds for disclaimer of liability or denial of coverage.

25. The defendant offered no explanation for its five month delay in disclaiming coverage and has no reasonable excuse for the delay.

26. The defendant IHIC is in violation of New York State Insurance Law in failing to timely disclaim coverage to M & M and therefore is legally and contractually obligated to indemnify M & M by satisfying the judgment entered against its insured by plaintiff in accordance with the policy.

27. The plaintiff has no adequate remedy at law.

28. By reason of the aforegoing a justiciable controversy exists between the parties.

29. Accordingly, the plaintiff respectfully requests that the Court render a declaratory judgment and direct the defendant to satisfy the plaintiff's judgment against its insured, M & M in accordance with the rights and responsibilities afforded under the subject policy.

WHEREFORE, the plaintiff demands judgment against the defendant in an amount which exceeds the jurisdictional limits of this and all lower Courts, together with any and all interests, costs and disbursements of this action.

Dated:    New York, New York
          June 23, 2008

Yours, etc.,
KELNER and KELNER
BY: /s/ Ronald C. Burke
RONALD C. BURKE, ESQ.
Attorneys for Plaintiff
140 Broadway, 37th Floor
New York, NY 10005
(212) 425-0700

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK      )
                       ) ss. :
COUNTY OF NEW YORK     )

The undersigned, an attorney duly admitted to practice in the Courts of New York State, hereby affirms as true under penalty of perjury, that I am one of the attorneys for the plaintiff herein.

I have read the foregoing **COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except for the matters therein alleged upon information and belief, and, as to those matters, I believe the same to be true. Affirmant further states that the reason this affirmation is made by affirmant and not by the plaintiff is that the plaintiff is presently out of the county wherein affirmant maintains his office.

The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows:

Investigation, facts in file, conferences with plaintiff, and other records and reports.

The undersigned affirms that the foregoing statements are true under penalty of perjury.

Dated:    New York, New York
          March 22, 2008

*Ronald C. Burke*
RONALD C. BURKE

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK   )

      ***VERONICA CENAC*** says:  I am not a party to the action, am over 18 years of age and reside in the County of Nassau, State of New York.
On the 25th day of July 2008, I served the within **NOTICE OF REMOVAL and RULE 7.1 DISCLOSURE STATEMENT** upon:

    KELNER and KELNER
    Attn: Ronald C. Burke, Esq.
    Attorneys for Plaintiff
    140 Broadway, 37th Floor
    New York, NY 10005
    (212) 425-0700

the attorneys for the respective parties in this action, at the addresses designated by said attorneys for the purpose of depositing same enclosed in postpaid properly addressed wrappers, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

                                                _____
                                                     VERONICA CENAC

Sworn to before me this
25th day of July 2008

_____
NOTARY PUBLIC

GLENN J. FUERTH
Notary Public, State of New York
No. 01FU5073709
Qualified in New York County
Term Expires March 3, 2011

3305840.1